IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SS&C TECHNOLOGIES, INC. | ) | Case No. 3:16-cv-00744-JBA |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Arterton |
| RICHARD PULLARA, and | ) | |
| CLEARWATER ANALYTICS, LLC | ) | |
| Defendants. | ) | Jury Trial Demanded |

**PLAINTIFF'S RULE 41(a)(1)(A)(i) NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF DEFENDANT CLEARWATER AND RULE 41(a)(2) MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF DEFENDANT PULLARA**

Plaintiff SS&C Technologies, Inc. ("SS&C" or "Plaintiff"), by and through its attorneys, respectfully (1) notices the voluntary dismissal of the action without prejudice against Defendant Clearwater Analytics, LLC ("Clearwater") pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure; and (2) moves to dismiss the action without prejudice against Defendant Richard Pullara ("Pullara") pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Mr. Pullara was a former Manager of Business Solutions for SS&C. While working at SS&C, Pullara secretly and without authorization accessed, retained, and misappropriated thousands of documents containing SS&C's proprietary trade secrets. Pullara then went on to share those trade secrets with Clearwater at Clearwater's urging. Accordingly, SS&C filed this lawsuit against Pullara for trade secret misappropriation and breach of contract.

After SS&C amended the complaint to add Clearwater as a defendant, however, counsel for Clearwater informed SS&C that due to the citizenship of some of Clearwater's members, this Court would no longer have diversity jurisdiction over the action. Consequently, in view of Clearwater's representations regarding diversity jurisdiction, the action against Clearwater should be dismissed so that those claims may be pursued in state court.

Dismissal of Clearwater as a co-defendant from this action would create enormous inefficiencies, however, because the parties will be left with trying two separate cases against each of Pullara and Clearwater in two separate forums (this District Court and state court) on literally identical facts. Accordingly, in view of the Court's apparent lack of diversity jurisdiction over SS&C's amended complaint naming both Clearwater and Pullara as defendants, SS&C moves to dismiss the action in its entirety against both defendants so that those claims may be pursued in in a single action in state court.

This case is still in its earliest stages. To date, the parties have engaged only in "informal" discovery, with Pullara producing just 33 pages of documents and Clearwater producing *just four pages* in response to a subpoena. No depositions have been scheduled – let alone taken – and discovery does not close until May 30, 2017. The trial is scheduled for January 2, 2018. Dismissal of this action at this stage would thus conserve judicial and party resources by allowing the matter to proceed as a unified action in state court. SS&C therefore respectfully requests that this Court grant this motion for voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### RELEVANT FACTUAL BACKGROUND

On May 17, 2016, SS&C filed this action against Pullara alleging trade secret misappropriation and breach of contract. (D.I. 1 at ¶ 1.)

Following the service of the original complaint, SS&C and Pullara agreed to begin "informal discovery." (Ex. A, June 1, 2016 J. Friske email to SS&C counsel.) On July 8, 2016, pursuant to SS&C's "informal discovery requests," Pullara produced 33 documents. (Ex. B, July 8, 2016 L. Gartel letter to M. Walch ("This letter serves as confirmation that Defendant Richard Pullara served a production numbered PULLARA00000001-PULLARA00000033 in response to

2

SS&C's informal discovery requests.").) Pullara has not produced any other documents in this litigation, nor have any depositions been scheduled or taken.

Although Defendants' counsel agreed to "informal discovery" of Pullara, they refused to do so on behalf of Clearwater. (Ex. A, June 1, 2016 J. Friske email to SS&C counsel ("We will not, on the other hand, agree to proceed with informal discovery directed at Clearwater, a third party to this case.").) Consequently, on June 23, 2016, SS&C issued a subpoena to Clearwater to produce documents relevant to SS&C's claims.

On July 21, 2016, Clearwater produced four documents in response to the subpoena. On July 22, 2016, one day after receipt of that production and based in part on the information contained in those documents, SS&C amended the complaint to include Clearwater as a defendant. (D.I. 39.)

On August 1, 2016, counsel for Clearwater wrote to SS&C representing that certain of Clearwater's members are citizens of either Connecticut or Delaware, thereby dissolving this Court's diversity jurisdiction over the amended complaint. (Ex. C, August 1, 2016 D. Largio letter to M. Walch at 2.) On August 3, 2016, SS&C responded by requesting documentary evidence in support of Clearwater's representations. (Ex. D, August 3, 2016 M. Walch letter to D. Largio.)[1]

On August 5, 2016, Pullara answered the original complaint. (D.I. 45.) Clearwater has not yet filed any responsive pleadings to the amended complaint.

---

[1] As of the date of this filing, SS&C's request remains unanswered. Because SS&C could no longer endure Clearwater's delay in providing the information it presumably had in hand prior to writing its August 1 letter, SS&C is moving to dismiss.

## ARGUMENT

Where a party, like Clearwater, has not yet answered the complaint or otherwise moved for summary judgment, the Federal Rules allow for voluntary dismissal of the action without a Court Order. Fed. R. Civ. P. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.") SS&C therefore respectfully submits this notice of voluntary dismissal without prejudice of the action against Clearwater pursuant to Rule 41(a)(1)(A)(i).[2]

Where a party, like Pullara, has answered the complaint, Rule 41(a)(2) applies. Rule 41(a)(2) provides, in relevant part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ... Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Accordingly, "Rule 41(a)(2) dismissals are at the district court's discretion." *Higher One, Inc. v. TouchNet Info. Sys.*, 2014 U.S. Dist. LEXIS 135729 at *5 (D. Conn. Sept. 26, 2014) (quoting *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). "A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *Id.*

---

[2] To the extent Clearwater objects to the dismissal of a defendant under Rule 41(a)(1)(A)(i), as opposed to the entire action, such objection would be without merit. *Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224-225 (D. Conn. 2005) ("As these courts have recognized, a plaintiff may use Rule 41 to dismiss a nondiverse party provided the party has not yet served an answer or motion for summary judgment."); *Morron v. City of Middletown*, 2006 U.S. Dist. LEXIS 32457 at *3-4 (D. Conn. May 23, 2006) ("The court agrees with the reasoning of the district court in *Guigliano* that, under Rule 41(a)(1), where a party has not yet served an answer or a motion for summary judgment, a plaintiff has the unilateral right to dismiss an action against a particular defendant.") In any event, should Clearwater contend that dismissal of a defendant under Rule 41(a)(1)(A)(i) is improper, SS&C requests the Court treat this motion in the alternative as a motion to dismiss all parties and all claims under Rule 41(a)(2), for the same reasons set forth below.

### A. Defendants Would Not Suffer "Plain Legal Prejudice" From Dismissal Of This Lawsuit

"Two lines of authority have developed" with respect to voluntary dismissal under Rule 41(a)(2). *Id.* "The first line of authority indicates that 'a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Id.* (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). "'Plain legal prejudice' has been defined to include 'the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed.'" *Id.* (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (emphasis original)). For example, "plain legal prejudice" could be demonstrated if "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action." *Id.*

Here, Defendants would not suffer "plain legal prejudice" from dismissal of this lawsuit, because Pullara has alleged no counterclaims against SS&C.[3] (D.I. 45.) Accordingly, Pullara as a matter of law is not "ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Higher One, Inc.*, 2014 U.S. Dist. LEXIS 135729 at *5 (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (emphasis original)).

Nor could Defendants credibly contend that "the cause has proceeded so far" that he is in a position to demand on the pleadings an opportunity to seek affirmative relief. *Id.* To date, Pullara has engaged only in "informal discovery" and has produced only 33 pages of documents. (Ex. B, July 8, 2016 L. Gartel letter to M. Walch.) Clearwater has refused to participate in informal discovery, and has produced four documents pursuant to subpoena. (Ex. A, June 1,

---

[3] Clearwater has not filed any responsive pleadings to the amended complaint, and thus necessarily has not asserted any counterclaims.

5

2016 J. Friske email to SS&C counsel.) Pullara answered the complaint just one week ago, and Clearwater has not answered the amended complaint at all. No depositions have been scheduled (let alone taken). Indeed, with the trial scheduled for January 2018, there can be no reasonable dispute that "the cause has proceeded so far" as to warrant a denial of dismissal without prejudice, especially where there are no pleadings by which Defendants have an opportunity to seek affirmative relief. *Id.* at *10 (granting request for voluntary dismissal without prejudice under Rule 41(a)(2), holding that "[a]t this stage of the case [defendant] is not "in a position to demand on the pleadings an opportunity to seek affirmative relief[.]") (citation omitted).

### B. The *Zagano* Factors All Weigh In Favor Of Granting Dismissal Without Prejudice

The second line of authority regarding dismissal under Rule 41(a)(2) "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id.* (quoting *Camilli*, 436 F.3d at 123)). The *Zagano* factors include: (1) the plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).[4]

Here, the *Zagano* factors all weigh in favor of dismissal without prejudice. First, SS&C was diligent in bringing this motion. On July 22, 2016, SS&C amended the complaint to include Clearwater as a defendant. (D.I. 39.) On August 1, 2016, counsel for Clearwater wrote to SS&C representing that certain of Clearwater's members are citizens of either Connecticut or Delaware,

---

[4] "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Higher One, Inc.*, 2014 U.S. Dist. LEXIS 135729 at *6 (quoting "*Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011)).

6

thereby dissolving this Court's diversity jurisdiction over the amended complaint. (Ex. C, August 1, 2016 D. Largio letter to M. Walch at 2.) In reliance on counsel's representation regarding the Connecticut or Delaware citizenship of certain Clearwater members and its impact on this Court's diversity jurisdiction over the claims alleged against Clearwater, SS&C is voluntarily dismissing this action with the expectation to refile those claims in state court.

Second, there has been no vexatiousness by SS&C, let alone any "undue vexatiousness." SS&C filed this motion to dismiss in view of the apparent inefficiencies that will arise if Clearwater moves to dismiss the amended complaint due to lack of diversity jurisdiction, thereby leaving only Pullara as the sole defendant in this case. Such procedural games would generate two parallel lawsuits in two different forums on the same underlying facts. And because SS&C intends to refile these claims against Clearwater and Pullara in state court, any work-product generated by the parties to date in this lawsuit can be reapplied to that action.

Third, as noted earlier, this case is in its infant stages. Pullara filed his answer to the complaint just one week ago; Clearwater has not filed any responsive pleadings. The parties have engaged only in "informal discovery." To date, Pullara has produced just 33 pages, and Clearwater has produced *just four pages*. And given the January 2, 2018 trial date, there can be no credible argument that Pullara has spent any "effort and expense in preparation for trial." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

Fourth, there would be, at most, *de minimis* duplicative expense of relitigation. There has been no substantive motions practice, and the only substantive pleading Pullara filed – his answer to the complaint – will likely be recycled in response to the intended refiled state court action. And the limited "informal discovery" conducted to date would all be relevant to the refiled action.

Fifth, SS&C's motion to dismiss is based on jurisdictional representations *made by Clearwater's counsel about the citizenship of Clearwater's members. Clearwater's counsel is also Pullara's counsel.* It is Clearwater who insists, due to an alleged lack of diversity jurisdiction, that "SS&C should therefore promptly ... dismiss Clearwater from its amended complaint." (Ex. A, June 1, 2016 J. Friske email to SS&C counsel, at 2.) But voluntarily dismissing Clearwater based on Clearwater's representations and pursuant to Clearwater's insistence leaves the inefficient consequence of trying two separate cases in two separate forums on literally identical facts. Accordingly, SS&C seeks to voluntarily dismiss this entire action so that it may promptly refile its claims against both Clearwater and Pullara in state court.

Because all of the *Zagano* factors weigh in favor of dismissal of the action without prejudice, SS&C respectfully moves to dismiss pursuant to Rule 41(a)(2).

## CONCLUSION

Wherefore, Plaintiff SS&C Technologies, Inc. respectfully (1) notices the voluntary dismissal of the action without prejudice against Defendant Clearwater Analytics, LLC pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure; and (2) moves to dismiss the action without prejudice against Defendant Richard Pullara pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: August 12, 2016                    Respectfully submitted,


                                          By____/s/ *David A. DeBassio*_____
                                          John F. Droney
                                          David A. DeBassio
                                          HINCKLEY, ALLEN & SNYDER LLP
                                          20 Church Street
                                          Hartford, Connecticut 06103
                                          Telephone: (860) 725-6200
                                          Facsimile: (860) 278-3802

                                          Samuel B. Isaacson
                                          Matthew W. Walch
                                          LATHAM & WATKINS LLP
                                          330 North Wabash Avenue, Suite 2800
                                          Chicago, Illinois 60611
                                          Telephone: (312) 876-7700
                                          Facsimile: (312) 993-9767

                                          *Attorneys for Plaintiff SS&C Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016, a copy of the foregoing Plaintiff's Rule 41(a)(1)(A)(i) Notice Of Voluntary Dismissal Without Prejudice Of Defendant Clearwater And Rule 41(a)(2) Motion For Voluntary Dismissal Without Prejudice Of Defendant Pullara was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

By: /s/ *David A. DeBassio*
David A. DeBassio

55951021